UNITED STATES BANKRUPTCY COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 14-22374-LMI
CHAPTER 13 CASE

IN RE:
BENJAMIN NIEVES
AKA BENJAMIN NIEVES MENDEZ
AKA BENJAMIN NIEVES-MENDEZ
AKA BENJAMIN M NIEVES
Debtor(s),
_____/

**MOTION UNDER FEDERAL RULE OF CIVIL PROCEDURE 60(B) TO VACATE ORDER GRANTING MOTION TO VALUE AND DETERMINE SECURED STATUS OF LIEN OF REAL PROPERTY HELD BY SETERUS  (D.E. # 28)**

Movant, FEDERAL NATIONAL MORTGAGE ASSOCIATION ("FANNIE MAE"), (the "Secured Creditor") by and through its undersigned attorney hereby files this MOTION UNDER FEDERAL RULE OF CIVIL PROCEDURE 60(B) TO VACATE ORDER GRANTING MOTION TO VALUE AND DETERMINE SECURED STATUS OF LIEN OF REAL PROPERTY HELD BY SETERUS (D.E. #28) pursuant to 11 U.S.C. § 105, Fed. R. Civ. P. 60(b), made applicable by Fed. Rules Bankr. Proc. Rule 9024, and states as follows:

1.    The Secured Creditor holds a First Mortgage Lien recorded on August 11, 2006, in the Public Records of Miami Dade County, Book 24812, and Page 0553 - 572.

2.    The aforementioned mortgage lien encumbers Debtors' property located at 1949 NW 46TH STREET, MIAMI FL. 33142, legally described as:

LOT 21, BLOCK 9, 17TH AVENUE MANOR, ACCORDING TO THE PLAT THEREOF, RECORDED IN PLAT BOOK 18, PAGE 43, OF THE PUBLIC RECORDS OF MIAMJ DADE COUNTY, FLORIDA.

14-03799

3.      On July 1, 2014, Debtors filed a Motion to Value and Determine Secured status of Lien on Real Property (D.E. #**16**)(the "Motion to Value"), and on August 7, 2014, the Court entered an order granting said motion (D.E.#**28**).  This loan was initially serviced by JPMORGAN CHASE BANK, N.A. AS SUCCESSOR BY MERGER TO CHASE HOME FINANCE, LLC**,** but was service transferred to SETERUS, INC. AS THE AUTHORIZED SUBSERVICER FOR FEDERAL NATIONAL MORTGAGE ASSOCIATION ("FANNIE MAE"), CREDITOR C/O SETERUS, INC., with effective date of November 12, 2010.

4.      Fed. R. Bankr. P. 9024, applying Fed. R. Civ. P. 60, allows for reconsideration of an order when there is: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. *In re Mohorne*, 404 B.R. 571, 575-76 (Bankr.S.D.Fla.2009); Fed. R. Bankr. P. 9024 (applying Fed.R.Civ.P. 60(b); *Drake v. Dennis*. 209 B.R. 20, 25 (Bankr.S.D.Ga. I996).

5.      It is Secured Creditor's position that that all interested parties were not before the Court, and that that the Debtors could not value the subject property pursuant 11 U.S.C. § 506.

6.      Pursuant to the assignment of mortgage recorded on October 24, 2011, in Miami Dade County, Book 27868, and Page 4767, Secured Creditor is the Mortgagee under the loan document and a party that needed to be served with Debtor's motion.

7.      A cursory review of the Debtor's certificate of service on the motion fails to indicate that Secured Creditor was served. Only, Seterus, Inc. was served with the motion.

8.  Seterus, Inc. is only the servicer of the loan and although it is a party in interest (as servicer of the loan) it is not the right party to be served with the Motion to Value.

9.  Secured Creditor would also wish to conduct its own interior appraisal, since access to the property has been denied. An exterior appraisal of the property has taken place evidencing a value of $55,000.00.

10. In light of these circumstances, that the Motion was improperly served on Secured Creditor, and that the property value is higher than that stated in the Motion to Value, it is precisely the type of "mistake" or "excusable neglect" that the Court is authorized to correct under Fed. R. Civ. P. 60(b), which is made applicable to bankruptcy cases by Fed. R. Bankr. P. 9024, and pursuant to Fed. R. Civ. P. 60(b)(1) the Court has the authority to "relieve a party or its legal representative from a final judgment, order, or proceeding" in cases like this where a party did not receive proper service of the pleadings submitted to the Court.

WHEREFORE, for the reasons set forth herein, FEDERAL NATIONAL MORTGAGE ASSOCIATION respectfully requests to this Court to grant its motion for relief under Fed. R. Civ. P. 60(b), with respect the valuation order (D.E.#28) and to re-set a hearing on the Debtor's Motion to Value, and to grant such other and further relief as this Court may deem just or proper.

14-03799

I HEREBY CERTIFY that a true and correct copy of the MOTION UNDER FEDERAL RULE OF CIVIL PROCEDURE 60(B) TO VACATE ORDER GRANTING MOTION TO VALUE AND DETERMINE SECURED STATUS OF LIEN OF SETERUS, INC. AS THE AUTHORIZED SUBSERVICER FOR FEDERAL NATIONAL MORTGAGE ASSOCIATION ("FANNIE MAE"), CREDITOR C/O SETERUS, INC., REAL PROPERTY (D.E. #28) and exhibits, were delivered to the addressees listed below by First Class U. S. Mail postage pre-paid and/or electronic mail this 4 day of November, 2014.

        Choice Legal Group, P.A.
        P.O. Box 9908
        Fort Lauderdale, FL 33310-0908
        Telephone:  (954) 453-0365/1-800-441-2438
        Facsimile:   (954) 689-3517
        antonio.alonso@clegalgroup.com


        By: _/s/Antonio Alonso, Esq. _____
        Antonio Alonso, Esq.
        Bar Number: 50335

Mailing List for Bankruptcy Case No:  14-22374-LMI

U.S. TRUSTEE
OFFICE OF THE US TRUSTEE
51 S.W. 1ST AVE.
SUITE 1204
MIAMI, FL 33130

NANCY K. NEIDICH, TRUSTEE
P.O. BOX 279806
MIRAMAR, FL 33027

BENJAMIN NIEVES
4601 NW 19TH AVENUE
MIAMI, FL 331420

ROBERT SANCHEZ, ESQ
355 W 49 ST.
HIALEAH, FL 33012

14-03799